Harold Baer, J.
The plaintiff Alfred Manacher brought an action against the defendants Sterling National Bank and Trust Company of New York and two domestic corporations, S. F. Co. Inc., and G. S. D. Inc. The latter two corporations issued certificates of indebtedness to the plaintiff. From time to time payments were made in reduction of principal. In November, 1955 the corporations deposited with defendant bank sums of money to be distributed to the owners of such certificates.
A conflicting claim to the ownership and proceeds of the certificates of indebtedness was asserted on behalf of Glen K. Manacher, son of this plaintiff and Lincoln Manacher, also a son and an infant over the age of 14 years. Thereupon the defendants interposed an answer, interpleading Evelyn H. Manacher, as trustee for the two children afore-mentioned.
The defendants and interpleaded plaintiffs moved for discharge pursuant to subdivision 7 of section 285 of the Civil Practice Act, and to vacate plaintiff’s demand for a bill of particulars. The plaintiff cross-moved for summary judgment. The interpleaded defendant Evelyn H. Manacher, former wife of the plaintiff and mother of his two sons, has defaulted. Glen K. Manacher appeared by counsel and Lincoln Manacher by a guardian ad litem appointed by this court.
The voluminous affidavits and exhibits establish that the certificates of indebtedness were issued in 1949 to the holders of a basic note or obligation which originated in 1944. The conflict arises by reason of an alleged trust evidenced by correspondence and payments whereby it is claimed that plaintiff transferred his interest to Evelyn Manacher as trustee for the two children. Plaintiff denies the making of the trust and in 1949 had the certificates of indebtedness which replaced the original obligation, issued to himself. The issue for the court to determine is who is entitled to the certificate of indebtedness and the proceeds thereof.
Summary judgment to the plaintiff must be denied. There are serious issues of fact in connection with the alleged trust. On affidavits alone, the court cannot determine whether or not *1079 a trust was created. The interest of the infant and adult son require full disclosure of the facts surrounding the 1944 instructions given by the plaintiff to the then attorney for the corporate defendants and the issuance of the certificates of indebtedness in 1949.
The relief requested by the two corporate defendants under subdivision 7 of section 285 of the Civil Practice Act likewise must be denied. These two defendants are not mere stakeholders. That they have an interest in this action is clear from the affidavits submitted. Further, they issued the certificates of indebtedness in 1949 to this plaintiff. Though the plaintiff was and still is an officer of defendant corporations, this does not alter the fact that the corporations issued the certificates. They were in possession of the facts and knew that partial payments of the obligation had previously been made to Evelyn Manacher as trustee. In order to have the full facts before the trial court and so that the court may fully adjudicate this matter, the application of the defendants and interpleaded plaintiffs S. F. Co. Inc. and G-. S. D. Inc. for discharge and summary judgment is denied.
The defendant and interpleaded plaintiff Sterling National Bank and Trust Company of New York is merely a stakeholder and its prayer for relief is granted. Said party may submit an order and judgment on notice to all other parties pursuant to subdivision 7 of section 285 of the Civil Practice Act, discharging said defendant provided that the funds here involved, $4,712 and $2,170 respectively are retained by said bank to the credit of this action, subject to the further order or judgment of this court. Further, said defendant may apply for a reasonable amount to cover its expenses and disbursements herein incurred which sum shall be a charge against the funds now on deposit with said bank.
The bill of particulars demanded by the plaintiff shall be served within five days after service of a copy of this order with notice of entry. However, it is evident that most of the items demanded are set forth in the affidavits submitted on these motions. The defendants may so refer to the affidavits and exhibits instead of repeating the information. Also, if the defendants do not have the information demanded in any item they may so state.
Although this action cannot be decided summarily for the reasons stated the parties are entitled to a prompt disposition. The Commercial Calendar of this court is up-to-date and a prompt trial may be obtained. If note of issue has not been filed, it should be filed immediately. Also counsel are urged to proceed *1080 promptly if examination before trial is desired. Upon condition that a note of issue has been filed or will be filed prior to November 30, 1956, this matter is set down for trial on December 10, 1956. On that day it will appear at the head of the Commercial Calendar in Trial Term, Part IV, provided a copy of this order with notice of entry is served upon the calendar clerk and upon opposing counsel on or before December 3, 1956.