WILLIAM E. NELSON, Appellant, *v.* CROSS & BROWN COMPANY, Respondent and Interpleading Plaintiff. DONALD Q. DEVINE, Interpleaded Defendant-Respondent.

First Department, November 4, 1959.

*Lester Grossman* of counsel (*Sol Freedman* with him on the brief; *Lester Grossman,* attorney), for appellant.

*William J. Graham* of counsel (*Harold J. Treanor* with him on the brief; *Cox, Treanor & Shaughnessy,* attorneys), for respondent and interpleading plaintiff.

*Irving L. Kalish* for interpleaded defendant-respondent.

M. M. FRANK, J.   This case presents a problem in interpleader pursuant to the Civil Practice Act (§ 285), and appears to be one of first impression in this court.   The plaintiff appeals from two orders: one discharges the defendant and interpleading plaintiff, Cross & Brown Company, from liability under the first cause of action, and awards counsel fees and disbursements to

it; the other grants a severance of the first cause of action to the interpleaded defendant, Devine, and as a result only the plaintiff and Devine remain as the contestants in a separate trial. Although the complaint alleges three causes of action involving three separate transactions, only the first is directly involved here.

The plaintiff, William E. Nelson, a licensed real estate salesman, seeks to recover his alleged share of a commission from his former employer, Cross & Brown, a real estate broker. He charges, in substance, that with the defendant's knowledge and consent he successfully negotiated a long-term lease in conjunction with one Devine, a real estate broker and fellow employee. The complaint asserts that pursuant to the plaintiff's employment contract he and Devine were each entitled to one quarter of the total commission earned by the defendant in the transaction described in the first cause of action. Part of that fee has already been paid to Cross & Brown, and it is to receive the balance " over a period of five years." The plaintiff claims he is entitled to the sum of $11,531.49 out of the total commission alleged to be $46,125.97.

By its answer, the defendant interpleaded Devine. Thereafter, by motion pursuant to subdivision 7 of section 285 of the Civil Practice Act it applied for an order discharging it " from liability to any party to this action, insofar as the first cause of action is concerned "; for an allowance for expenses, costs and disbursements to be charged against the amount in dispute; and for a direction that it retain 50% of the total commission received by or payable to it to the credit of that cause of action. The order grants the relief sought, discharges the defendant, and makes an allowance to it in the sum of $715.05.

Section 285 of the Civil Practice Act as now constituted was enacted into law in 1954. While abolishing the bill of interpleader and the relief available thereunder (subd. 10), the section retained and broadened the purpose of interpleader. Indeed, the Twentieth Annual Report of the N. Y. Judicial Council, 1954, which proposed the amendment, states that the recommended change was designed to integrate and simplify overlapping provisions, and correct technical defects and difficulties.*

Under the former practice of a bill in equity for interpleader or in the nature of interpleader, the decree, if granted, required

* Compare section 285 of the Civil Practice Act, particularly subdivision 5, with the requirements for a bill of interpleader under *Dorn* v. *Fox* (61 N. Y. 264, 268) and *Mohawk & Hudson R. R. Co.* v. *Clute* (4 Paige Ch. 384).

the deposit of the property or fund in dispute as a condition to the discharge of the stakeholder.

It is clear that the section under consideration has eliminated that requirement, for it provides that (subd. 1) "Interpleader shall mean the procedure by which a stakeholder may require adverse claimants to litigate their claims in one action, *with* or *without* the stakeholder." (Emphasis supplied.) With respect to the quoted provision, the Judicial Council commented " that although normally in interpleader a stakeholder will be discharged from the action, he may, where the circumstances warrant, remain a participant until final judgment." (Twentieth Annual Report of N. Y. Judicial Council, 1954, p. 273.)

Thus, under the new section, the questions of the appropriateness of interpleader relief and a discharge of the alleged stakeholder are not inextricably bound together, and dependent one upon the other, but may be treated as separate problems.

In order to determine whether the defendant is entitled to be discharged as a stakeholder under section 285 of the Civil Practice Act, it is appropriate to examine the pleadings. The defendant's answer denies the allegations in the complaint which assert that the plaintiff and Devine, with the consent and knowledge of the defendant, collaborated to procure the tenant referred to in the first cause of action and that the commission earned by the defendant resulted from their joint efforts. In effect, the denials, as distinguished from the separate defenses and counterclaims, raise the issue of the plaintiff's right to any portion of the commission. Although such denials of liability are now permitted under subdivision 5 of the section, and do not, therefore, any longer bar interpleader as they formerly did, there is merit to the argument that by denying the plaintiff's claim to his alleged share, the defendant removes itself from the role of a stakeholder disinterested in the disposition of the moneys involved. That issue is germane to the question as to whether the defendant should be discharged.

Of significance, too, is the fact that the defendant tenders only a small part of the total sum claimed in the first cause of action, as a condition to its discharge. As to the balance, it alleges that it " may become entitled to receive additional payments " of " potential " commission over a five-year period. Thus a discharge of the defendant upon the segregation of the sum of $2,473.36, which it concedes it is holding for the benefit of the first cause of action, cannot dispose of the plaintiff's claim amounting to $11,531.49. To that extent, at least, the defendant does not stand indifferent to the claim and to the

amount in dispute. Under such circumstances, the Court of Appeals, prior to the 1954 amendment of section 285, held that the stakeholder would not be discharged and the action for interpleader would not lie (*Empire Eng. Corp.* v. *Mack*, 217 N. Y. 85, 92, 93; see, also, *Manacher* v. *Sterling Nat. Bank*, 4 Misc 2d 1077, 1079).

As stated, while we are concerned only with the first cause of action, it should be noted that in the others the plaintiff claims commissions under a similar arrangement with employees of the defendant, other than Devine. In explaining its failure to interplead these employees, Cross & Brown states that the commissions claimed by the plaintiff have been paid to others. It is thus faced with the need to contest strenuously the plaintiff's right to recovery. These factors, added to those heretofore mentioned, do not justify the conclusion that the defendant is disinterested in the sense that a mere stakeholder would be.

To qualify as a stakeholder under section 285 of the Civil Practice Act and thus be eligible for discharge, it is still necessary to show that there is exposure to double or multiple liability as a result of adverse claims. These adverse claims, therefore, must rest on some reasonable basis (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 286; *Sulzberger* v. *Seklir*, 153 App. Div. 749). Obviously, a bare assertion of a claim is not enough (*Rosen* v. *Equitable Life Assur. Soc.*, 289 N. Y. 333, 337). Here, the defendant alleges no facts to establish that the plaintiff has, at least, a colorable claim. Nor does the defendant factually demonstrate that the plaintiff, in the event he is successful, would be protected for the balance of his claim, in the absence of Cross & Brown as a party to the first cause of action, due to its discharge.

On an application under section 285, the courts do not pass upon the respective contentions of the parties as on a motion for summary judgment. The plaintiff claims the right to recover 25% of the entire sum involved. Devine, on the other hand, avers that he is entitled to 50% of the commission and asserts that he never made an arrangement with the plaintiff to share any part of it. He urges that if Cross & Brown made an independent arrangement with the plaintiff he is not bound by it. For the purpose of the motion for a discharge, we should assume the truth of the allegations in the respective pleadings. Thus, it is conceivable that under such circumstances Devine may establish his right to recover 50% of the total commission, and Nelson may independently be entitled to recover 25% of the same total from Cross & Brown. On that state of the plead-

ings the claims of Nelson and Devine are not mutually exclusive, and under the former statutory provisions, interpleader would not be available (*Wood, Dolson Co.* v. *Leonett Realty Co.,* 227 App. Div. 552; *Wagner* v. *Suffolk County Trust Co.,* 266 App. Div. 967). While inconsistent claims, not mutually exclusive, no longer bar interpleader (subd. 6) as they did under the former procedure, in our view, such claims do bar a discharge. (See *Leventhal* v. *Roslyn Manor,* 142 N. Y. S. 2d 478; *Manacher* v. *Sterling Nat. Bank,* 4 Misc 2d 1077, *supra.*)

At this stage of the action we cannot say that the plaintiff may only recover the sum tendered by the defendant. It is conceivable that he may prove his right to recover the total amount of his claim from Cross & Brown. The discharge of the defendant, however, may bar him from such a judgment. There is no need to explore the question as to whether the principles of *res judicata* would apply under those circumstances, for in any event the plaintiff would be put to the necessity of commencing a new action to enforce his rights.

Nor can it be said that Cross & Brown is entitled to a partial discharge to the extent of the sum tendered, as was the situation in *Bisgeier* v. *Prudential Ins. Co.* (2 Misc 2d 857). There the defendant caught between conflicting claims to the proceeds of a life insurance policy was met with the additional dispute as to whether there were outstanding loans against the policy. The company remained in the case for that narrow issue, although it was obvious that as to the main question, it was merely a stakeholder.

That is not the situation here. In addition to the defendant's denials that the plaintiff is entitled to any recovery, there is the contention that it is liable, thus far, only for the amount tendered, which is but one fifth of the total amount claimed. If the discharge is limited to the sum segregated, then no useful purpose is served, for Cross & Brown will still be required to defend as to the balance claimed. Under such circumstances, the trial may well present an incongruous situation. For instance, would the issue raised by the denials be eliminated insofar as the sum segregated is concerned, but still permit Cross & Brown to offer proof in support of the denials as to the balance? If, however, it is deemed that the denials may be the subject of proof as to the entire claim, then the defendant participates at the trial not in the guise of a stakeholder disinterested as between adverse claimants, but rather as a litigant vigorously resisting a claim. Surely such an anomalous situation was never intended or envisioned in the enactment of a statute designed to '' integrate and

simplify overlapping provisions'' and to correct '' technical defects and difficulties'' (Twentieth Annual Report of N. Y. Judicial Council, 1945).

On the record in this case, we must conclude that the ends of justice will best be served by a trial in which the defendant may fully participate.

The order discharging Cross & Brown should be reversed on the facts and the law and in the exercise of discretion, with costs, and the motion denied. In view of the determination we do not reach the question of the allowance granted the defendant by the order.

Devine, the interpleaded defendant, successfully moved to sever the first cause of action. It should be noted that Devine's motion for a severance was only part of the relief he sought, and was made returnable after the motion by Cross & Brown for its discharge. The application was for (a) dismissal of the answer and interpleading complaint pursuant to rule 112 of the Rules of Civil Practice; (b) in the alternative, for dismissal of the interpleading complaint pursuant to subdivision 6 of section 285 on the ground that Cross & Brown's liability to him was independent; (c) in the alternative, for a severance. Devine did not appeal from the denial of the branches of his motion seeking a dismissal. Therefore, whether the defendant properly interpleaded Devine, as indeed it did, is not before us. The affidavit in support of the motion fails to supply a single fact or reason to justify a severance. In conclusory fashion it states simply that, '' In any event, it would be unfair, unjust and prejudicial to the interest of * * * Devine if the three causes of action against Cross & Brown as stated in Nelson's complaint were tried together.''

There is no demonstration of prejudice. On the contrary, since the second and third causes of action are contested on the ground that employees of Cross & Brown, other than the plaintiff, were solely responsible for Cross & Brown being the procuring cause of the transactions mentioned in those causes, the interpleaded defendant, Devine, will more likely be aided than harmed by a full exposition of the facts. The record indicates the likelihood that the policy, contractual arrangement or custom of Cross & Brown with respect to the splitting of commissions may well present a question common to all of the causes of action. Moreover, the trial court can effectively segregate each of the claims in the contest by appropriate supervision of the trial, and by adequate instructions. There is such a similarity among the causes of action, except for the transactions and

the employees involved in each and the damages sought, that had separate actions been commenced by the plaintiff, a direction for a consolidation pursuant to section 96 of the Civil Practice Act or a joint trial under section 96-a would be proper. Under the circumstances, the granting of a severance was inappropriate. The order severing the first cause of action, insofar as appealed from, should be reversed on the facts and the law and in the exercise of discretion, with costs, and the motion denied.

RABIN, J. P., VALENTE, McNALLY and STEVENS, JJ., concur.

Order granting interpleaded defendant-respondent's cross motion for an order severing the action as to the first cause of action, so far as appealed from unanimously reversed, on the facts and on the law and in the exercise of discretion, with $10 costs and disbursements to appellant, and the motion denied, with $10 costs.

Order granting defendant-respondent and interpleading-plaintiff's motion discharging it from all liability in respect of the first cause of action unanimously reversed, on the facts and on the law and in the exercise of discretion, with $10 costs and disbursements to appellant, and the motion denied, with $10 costs.