Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc. (2020 NY Slip Op 00824)





Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc.


2020 NY Slip Op 00824


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


652364/18 -8922 10944

[*1]Greenway Mews Realty, L.L.C., Plaintiff-Appellant,
v
Liberty Insurance Underwriters, Inc., et al., Defendants-Respondents.
Liberty Insurance Underwriters, Inc., Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company, et al., Interpleader Defendants-Appellants, Federal Insurance Company, Interpleader Defendant.
Illinois National Insurance Company, Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company, et al., Interpleader Defendants-Appellants, Federal Insurance Company, Interpleader Defendant.


Saretsky Katz & Dranoff, L.L.P., New York (Barry G. Saretsky of counsel), for Greenway Mews Realty, L.L.C. and Seneca Insurance Company, appellants.
DLA Piper, LLP (US), New York (R. Brian Seibert of counsel), for Little Rest Twelve, Inc., appellant.
Hardin, Kundla, McKeon & Poletto, P.A., New York (George R. Hardin of counsel), for Liberty Insurance Underwriters, Inc., respondent.
Robinson & Cole LLP, New York (Lawrence Klein of counsel), for Illinois National Insurance Company, respondent.



Order, Supreme Court, New York County (Martin Shulman, J.), entered July 8, 2019, which, to the extent appealed from as limited by the briefs, granted defendant/interpleader plaintiff Liberty Insurance Underwriters, Inc.'s (LIUI) motion to enforce a settlement agreement, denied plaintiff/interpleader defendant Greenway Mews Realty, LLC (Greenway) and interpleader defendant Seneca Insurance Company's (Seneca) motion to dismiss LIUI's and interpleader plaintiff Illinois National Insurance Company's (INIC) interpleader actions, and [*2]denied interpleader defendant Little Rest Twelve, Inc.'s (LRT) motion to dismiss LIUI's and INIC's interpleader actions, unanimously modified, on the law, to deny LIUI's motion to enforce the settlement agreement, and otherwise affirmed, without costs.
LIUI's motion to enforce an oral settlement agreement purportedly agreed to before the court during a mediation session in May 2018 should be denied. Although the record reflects that the parties agreed to various settlement terms, including the amount to be paid by LIUI, the oral agreement has no binding effect under CPLR 2104, because it and its terms were not sufficiently documented, recorded or memorialized (see Velazquez v St. Barnabas Hosp., 13 NY3d 894 [2009]; Matter of Janis, 210 AD2d 101 [1st Dept 1994]). Further, there is a dispute between the parties as to a material term of the settlement, whether or not the funds paid by LIUI and INIC were to be held in escrow pending resolution of the dispute between Seneca and Federal Insurance Company (Federal). While the alleged oral settlement is not enforceable, under the facts of this case, LIUI's and INIC's obligations to pay post-judgment interest ceased on May 25, 2018, when the insurers made a good faith offer to satisfy the judgment. We note that counsel for both LIUI and INIC represent that their clients have placed the funds in their respective attorney's escrow accounts.
In view of our finding that the settlement is unenforceable, LIUI's interpleader action is not moot. Accordingly, Seneca, Greenway and LRT's motions to dismiss the interpleader action were properly denied. The court also correctly denied Seneca, Greenway and LRT's motions to dismiss INIC's interpleader action. The record establishes that interpleader defendant Federal, Greenway's excess liability insurer, has a colorable claim to the funds at issue (see Nelson v Cross & Brown Co., 9 AD2d 140, 144 [1st Dept 1959]) and that INIC will be subject to multiple liabilities (see CPLR 1006[a]; Royal Bank of Can. v Weiss, 172 AD2d 167, 169 [1st Dept 1991]). The record does not establish as a matter of law that Federal waived its subrogation rights by failing to join Seneca in the lawsuit seeking to recover settlement funds. Each party's entitlement, if any, to the funds paid by LIUI and INIC may be properly determined in the context of the interpleader actions.
Assuming INIC's claim that it is not obligated to pay interest toward the judgment is preserved for appellate review, we find that the court correctly determined that the terms of its policy require it to pay interest as a covered loss (see Fireman's Fund Ins. Co. v Illinois Natl. Ins. Co., 2015 WL 1198079, *5, 2015 WL 1198079, *13-15 [SD Miss 2015]). M-8922 - Greenway Mews Realty, L.L.C. v Liberty Insurance Underwriters, Inc.
Motion to expand the record granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK