Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters Inc. (2021 NY Slip Op 06949)





Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters Inc.


2021 NY Slip Op 06949


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 652364/18 Appeal No. 14843 Case No. 2021-00376 

[*1]Greenway Mews Realty, L.L.C., Plaintiff-Appellant,
v
Liberty Insurance Underwriters Inc. et al, Defendants-Respondents.
Illinois National Insurance Company, Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company, Interpleader Defendant-Appellant, Federal Insurance Company, Interpleader-Defendant-Respondent, Little Rest Twelve, Inc., Interpleader-Defendant.
Liberty Insurance Underwriters Inc., Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company et al., Interpleader Defendants-Appellants, Federal Insurance Company, Interpleader-Defendant-Respondent, Little Rest Twelve, Inc., Interpleader-Defendant.


Saretsky Katz & Dranoff, L.L.P., Elmsford (Barry G. Saretsky of counsel), for appellant.
Hardin Kundla McKeon & Poletto P.A., New York (George R. Hardin of counsel), for Liberty Insurance Underwriters, Inc., respondent.
Robinson & Cole LLP, New York (Lawrence J. Klein of counsel), for Illinois National Insurance Company, respondent.
Quirk and Bakalor, P.C., Garden City (Timothy J. Keane of counsel), for Federal Insurance Company, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 11, 2020, which denied the motion of plaintiff Greenway Mews Realty L.L.C. (Greenway) for an order directing the entry of judgment in its favor against defendant liability insurers Liberty Insurance Underwriters Inc. (LIUI) and Illinois National Insurance Company (INIC), denied, as premature, Greenway's request for an order severing the claim for reimbursement of attorneys' fees and costs and referring the calculation of the sum due to a special referee to hear and report, declined to grant the requests by Greenway and interpleader defendant Seneca Insurance Company (Seneca) for an order dismissing, as moot, interpleader actions commenced by defendants LIUI and INIC, and severing, for separate litigation, cross claims asserted therein solely between Seneca and Greenway's excess liability insurer, Federal Insurance Company (Federal), and stayed LIUI's cross motion for a discharge of its obligation to Greenway, unanimously affirmed, with costs.
In a prior order entered February 4, 2020, this Court held that LIUI's and INCI's obligations to pay postjudgment interest on a judgment against their insured UAD Group ceased on May 25, 2018, when the insurers made a good-faith offer to satisfy the judgment; that the interpleader actions commenced by defendants LIUI and INCI are not moot; that the motion court correctly denied the motions to dismiss those interpleader actions; that plaintiff Greenway's excess insurer Federal has a colorable claim to payments made in connection with the UAD judgment,; that INCI will be subject to multiple liabilities; and that "[e]ach party's entitlement, if any, to the funds paid by LIUI and INIC may be properly determined in the context of the interpleader actions" (see Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc., 180 AD3d 412 [1st Dept 2020]).
In the subsequent order on appeal, the court correctly rejected Greenway's arguments that in order to effectuate this Court's 2020 order, the court was required, by law and in a proper exercise of discretion, to immediately quantify the total amount, including pre- and postjudgment interest, enter judgment on the amount owed to Greenway, while severing the claim for reimbursement for attorneys' fees for referral to a referee, and dismissing, as moot, the interpleader actions, and severing the cross claims raised therein for separate litigation.
The motion court's ruling was consistent with this Court's 2020 order, which affirmed the continued viability of the interpleader actions as a proper vehicle for the resolution of each party's entitlement to the funds paid by the UAD insurers and thereby made clear that the subrogation/distribution cross claim could be determined within those actions prior to quantifying and entering the judgment in the main action.
Given the yet to be resolved issues regarding the final amount owed by the insurers to Greenway, we further find no basis to disturb [*2]the court's decision to stay, at this time, LIUI's cross motion for an order discharging it from any further obligation upon a deposit into court of a $1.35 million escrow payment, plus an additional deposit of $150,344.69 in postjudgment interest on Greenway's judgment against UAD. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021