Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc. (2023 NY Slip Op 01139)

Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc.

2023 NY Slip Op 01139

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 652364/18 Appeal No. 17434-17435 Case No. 2021-04262 2022-01252 

[*1]Greenway Mews Realty, L.L.C., Plaintiff-Appellant,
v
Liberty Insurance Underwriters, Inc., et al., Defendants-Respondents.
Illinois National Insurance Company, Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company, Interpleader Defendant-Appellant, Federal Insurance Company, Interpleader Defendant-Respondent, Little Rest Twelve, Inc., Interpleader Defendant.
Liberty Insurance Underwriters, Inc., Interpleader Plaintiff-Respondent,
v
Seneca Insurance Company et al., Interpleader Defendants-Appellants, Federal Insurance Company, Interpleader Defendant-Respondent, Little Rest Twelve, Inc., Interpleader Defendant.

Saretsky Katz & Dranoff, LLP, Elmsford (Barry G. Saretsky of counsel), for appellants.
Hardin Kundla McKeon & Poletto P.A., New York (George R. Hardin of counsel), for Liberty Insurance Company Underwriters, Inc., respondent.
Robinson & Cole LLP, New York (Lawrence J. Klein of counsel), for Illinois National Insurance Company, respondent.
Quirk and Bakalor, P.C., Garden City (Timothy Keane of counsel), for Federal Insurance Company, Respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered November 4, 2021, which, to the extent appealed from, in this action pursuant to Insurance Law § 3420(a)(2), denied plaintiff/interpleader defendant Greenway Mews Realty, LLC's (Greenway) and interpleader defendant Seneca Insurance Company's (Seneca) motion for prejudgment interest on the judgment in favor of Greenway against UAD Group (UAD Judgment) and attorneys' fees incurred in bringing this action to enforce the UAD Judgment, and granted defendant/interpleader Liberty Insurance Underwriters Inc.'s (LIUI) cross motion to deposit with the court the $1,350,000 previously paid by LIUI and held in escrow plus an additional $150,344.69 in postjudgment interest on the UAD Judgment and for an order discharging LIUI from all further obligations in connection with the UAD Judgment upon acceptance of the deposit by the court, unanimously affirmed, with costs. Order, same court and Justice, entered on or about February 28, 2022, which granted LIUI's motion for an order discharging LIUI from all further obligations in connection with the UAD Judgment, unanimously affirmed, with costs.
The court correctly denied Greenway and Seneca's motion for prejudgment interest on the UAD Judgment. Awarding such interest would result in a double recovery, given that Greenway and Seneca were already entitled to postjudgment interest on the judgment (see Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc., 180 AD3d 412, 412 [1st Dept 2020]). Interest is intended to make aggrieved parties whole by compensating them for the loss of use of their money, not to serve as a penalty or to provide a windfall (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117-118 [2012]; NML Capital v Republic of Argentina, 17 NY3d 250, 266 [2011]). Contrary to Greenway and Seneca's contention, LIUI's obligation to satisfy the UAD Judgment was a single monetary obligation, and its failure to pay the judgment did not result in "separate" or "distinct" injuries that justify an award of additional interest (cf. NML Capital, 17 NY3d at 266-267).
Additionally, Greenway and Seneca have not cited any authority that CPLR 5001, which provides for prejudgment interest on breach of contract causes of action (CPLR 5001[a]), applies to this "statutory cause of action" under Insurance Law § 3420(a)(2) (Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]). In any event, even if this action could be deemed one for breach of contract, Greenway and Seneca have not established that LIUI breached its policy, since LIUI was not refusing to satisfy the UAD judgment, but rather, was withholding payment pending resolution of the competing claims to the funds between Seneca and Federal Insurance Company, Greenway's excess liability insurer.
The court correctly concluded that Greenway and Seneca were not entitled to attorneys' fees, as they were the prevailing parties in this action brought by themselves to enforce the UAD [*2]judgment (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]; Sukup v State of New York, 19 NY3d 519, 522 [1967]). The agreement between UAD and Little Rest Twelve, Inc. (LRT) (which had assigned its rights to Greenway and Seneca), pursuant to which UAD agreed to indemnify LRT for attorneys' fees incurred in connection with claims arising out of UAD's work, was not binding on LIUI (see e.g. Northland Assoc. v Joseph Baldwin Constr. Co., 6 AD3d 1214, 1216 [4th Dept 2004]).
Because Greenway and Seneca were not entitled to prejudgment interest or attorneys' fees, no issues remained regarding the final amount owed by LIUI. Accordingly, the court properly discharged LIUI from any further obligations in connection with the UAD Judgment upon LIUI's deposit of the $1,350,000 held in escrow plus the additional $150,344.64 in postjudgment interest, totaling $1,500,344.69, with the court. We again reject Greenway and Seneca's arguments that LIUI is not a stakeholder for purposes of CPLR 1006(a), and reaffirm that LIUI's commencement of an interpleader action was proper (see Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc., 200 AD3d 519 [1st Dept 2021]; Greenway Mews Realty, 180 AD3d at 412).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023