Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc. (2025 NY Slip Op 06810)

Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc.

2025 NY Slip Op 06810

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 652364/18|Appeal No. 5325|Case No. 2024-05471|

[*1]Greenway Mews Realty, L.L.C., Plaintiff,
v
Liberty Insurance Underwriters, Inc., et al., Defendants.
Liberty Insurance Underwriters, Inc., Interpleader Plaintiff,
v
Seneca Insurance Company, Interpleader Defendant-Respondent, Federal Insurance Company, Interpleader Defendant-Appellant, Greenway Mews Realty, L.L.C., Interpleader Defendant.
Illinois National Insurance Company, Interpleader Plaintiff,
v
Seneca Insurance Company, Interpleader Defendant-Respondent, Federal Insurance Company, Interpleader Defendant-Appellant, Little Rest Twelve, Inc., Interpleader Defendant.

Quirk and Bakalor, P.C., Garden City (Timothy J. Keane of counsel), for appellant.
Saretsky Katz Dranoff Weissman & Maynard, LLP, Elmsford (Barry G. Saretsky of counsel), for respondent.

Order, Supreme Court, New York (Arthur F. Engoron, J.), entered July 29, 2024, which granted interpleader defendant Seneca Insurance Company's motion to dismiss interpleader defendant Federal Insurance Company's cross-claims against it, unanimously modified, on the law, to deny the motion as to the unjust enrichment cause of action, and otherwise affirmed, without costs.
Seneca's waiver arguments have been raised and addressed in multiple prior actions. Consistent with our prior decisions, Seneca has again failed to "establish as a matter of law that Federal waived its subrogation rights by failing to join Seneca in the lawsuit seeking to recover settlement funds" (Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc., 180 AD3d 412, 413 [1st Dept 2020]; see also Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters Inc., 200 AD3d 519, 520 [1st Dept 2021]; Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc., 214 AD3d 411, 413 [1st Dept 2023]). Seneca has failed to produce any new evidence that would warrant a departure from this Court's prior decisions.
Since Seneca failed to establish waiver as a matter of law, the court should not have dismissed the unjust enrichment cause of action. Seneca failed to show that it would not be "against equity and good conscience to permit" Seneca "to retain what is sought to be recovered," namely that bulk of the settlement that Federal funded (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]; see Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 117 [1st Dept 1990], lv denied 77 NY2d 803 [1991]; see also Fasso v Doerr, 12 NY3d 80, 90-91 [2009]). The documentary evidence produced by Seneca does not establish that Federal explicitly waived its subrogation rights or assigned them, nor does it conclusively refute Federal's assertion that it was unaware that Seneca was trying to recover the money Federal had paid in the settlement until several years later.
The court properly held, however, that the constructive trust cause of action should be dismissed, as there was no confidential or fiduciary relationship between Federal and Seneca (see Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980]; see also Talansky v Schulman, 2 AD3d 355, 360 [1st Dept 2003]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025